UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY | § § § |
| v. | §   CIVIL ACTION NO. 6:19-cv-00065 § |
| MARY ANN DAVIS DBA PAST TIMES | § § § |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Central Mutual Insurance Company ("Central") files this Complaint for Declaratory Judgment, seeking a declaratory judgment that it has no further liability to Defendant, Mary Ann Davis DBA Past Times ("Insured") in connection with an insurance claim made by Insured under an insurance contract issued by Central to Insured. In support of this Complaint, Central would show the following:

## PARTIES

1.

Central is a citizen of the State of Ohio, being an insurance company incorporated in the State of Ohio, and having its principal place of business in the State of Ohio.

2.

Defendant Mary Ann Davis DBA Past Times is a citizen of the State of Texas, being an individual domiciled in the State of Texas. Mary Ann Davis DBA Past Times may be served with summons and this Complaint for Declaratory Judgment by service on Defendant Mary Ann Davis at 105 Santa Rosa, Victoria, Texas 77901.

## SUBJECT MATTER JURISDICTION AND VENUE

3.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201 *et seq*. Central seeks a determination of question(s) of actual controversy between the parties as hereinafter stated. Jurisdiction of this action is based upon Title 28, United States Code § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

Venue is properly placed under Title 28, United States Code § 1391.

## BACKGROUND FACTS

5.

Central issued a policy of insurance, Policy No. CLP 8369450 (hereinafter referred to as the "Policy"), to Insured. The named insured on the Policy is Mary Ann Davis DBA Past Times. The Policy insures the building and the named insured's personal property located at 105 Santa Rosa, Victoria, Texas 77901.

6.

The Past Times business is a gift shop business she operates in which Ms. Davis sells needlepoint, teaches others about needlepoint, and sells canvas and thread. On the application for insurance submitted to Central for the issuance of coverage, Ms. Davis sought insurance for Mary Ann Davis DBA Past Times, and described the insured as a "Retail nick nak store."

7.

On August 28, 2017, Insured reported a claim to Central for damage to the Santa Rosa

building and personal property contained therein occurring on or about August 26, 2017 from Hurricane Harvey. The claim involved wind damage to the roof, and water damage from water coming into the building. Central has fully paid Insured for all building damage, personal property damage, loss of income and extra expenses which are covered under the Policy resulting from Hurricane Harvey. The only items not paid for by Central concerning Insured's claim are the items set forth below, which as will be further shown, are not covered under the Policy.

## DISPUTED ITEMS IN CLAIM

8.

During the course of the claim, Insured made a claim to recover for damage to property that was used by Mary Ann Davis for businesses that were totally separate from the gift shop insured under the Central policy. Specifically, Ms. Davis attempted to recover for property used in a landman and/or oil and gas business of hers, Rio Grande Properties, which business operates out of the 105 Santa Rosa, Victoria, Texas, and which business is not insured under the Policy, nor was a request made to Central to ever insure such business.

9.

Insured has made a claim for two different types of property used by Rio Grande Properties: (1) a claim for $44,515 worth of maps used by Rio Grande Properties to purchase oil and gas minerals and royalty; and (2) a claim for $1,200,000 worth of "land title abstracts and land papers" which were used by Rio Grande Properties in its landman/oil and gas business, which Insured contends are land title records containing all of the backup documentation for the purchase of a certain mineral royalty interests.

10.

The Policy does not cover, nor was it ever intended to cover, property used by Mary Ann Davis in any business of hers other than the Past Times gift shop business, which is exactly why the Policy insures "Mary Ann Davis DBA Past Times".  No coverage was ever requested or applied for to Central to insure any landman or oil and gas business such as Rio Grande Properties.

11.

There are multiple provisions in the Policy which show the Policy only provides insurance coverage pertaining to the retail gift shop business, Past Times, operated by Mary Ann Davis.  On the first page of the Declarations to the Policy, the "Business Description" is listed as "GIFT SHOP" (with the From of Business being "INDIVIDUAL").  In the Declarations coverage provisions for Building Coverage and Personal Property of Insured, the "Occupancy" of the insured location is again described as "GIFT SHOP."

12.

The same is true for the Commercial General Liability Coverage Part Declarations of the Policy, where the insured location is again twice described as a "GIFT SHOP." These Declarations list the insured premises as 105 Santa Rosa, Victoria, TX 77901, and then provide two "Classification Descriptions" for "Premises and Operations" and "Products and Completed Operations."  For both "Premises and Operations" and "Products and Completed Operations," the insured location is described with a classification code of 13506, which is "GIFT SHOPS – OTHER THAN NOT-FOR-PROFIT".

13.

The Retail Policy Common Declarations to the Policy states that "THESE COMMON

DECLARATIONS AND THE COMMON POLICY CONDITIONS, TOGETHER WITH THE COVERAGE PART FORM(S), AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY."

14.

The multiple descriptions in the Policy of the business which is insured is a "gift shop", and the fact that the named insured is Mary Ann Davis DBA Past Times, along with the other policy provisions noted above, is more than sufficient to limit coverage only to property and losses concerning Ms. Davis' Past Times business. Property used in other businesses operated by Ms. Davis out of the same location, like the damage claimed for property used in Ms. Davis' Rio Grande Properties business, is simply not insured under the Policy.

15.

Since the Policy only covers the Past Times business, the Policy does not cover the $44,515 of maps and the $1,200,000 worth of land title and abstract papers of the Rio Grande Properties business for which Insured is making a claim. Central is therefore entitled to declaratory judgment that it has no liability to Insured for those items of damage being claimed by Insured.

16.

Insured has also made a claim for a proposal of $5,292.79 from Star2Star Communications to provide internet and phone service for another business of hers, Upland Energy, that is not insured under the Policy. Since the Upland Energy business is not insured under the Policy, and because the proposal is not for physical damage to covered property under the Policy but is merely to provide internet and phone service which would not be covered, Central is entitled to declaratory judgment that it has no liability for this item claimed by Insured.

17.

Insured has also made a claim for $60,000 for restoration worked performed by Servpro following Hurricane Harvey.  Nothing would be owed by Central for this amount, as Insured's contract with Servpro set forth a maximum amount of $86,000 that would be owed for their work, which $86,000 amount Central has paid to Insured, and which $86,000 Insured has paid to Servpro. Insured has not paid Servpro anything further beyond $86,000, nor has Insured been sued by Servpro. As $86,000 represents the maximum amount Servpro is entitled to from Insured, and as that amount has been paid by Central to Insured, Central is entitled to declaratory judgment that it has no further liability to Insured for this item.

18.

Insured has also made a claim for a legal bill for $930 from the Walker Keeling law firm. This is for work done by Ms. Davis' attorney in looking at the Servpro proposed contract for the work described in Paragraph 17 above and advising Ms. Davis whether to sign the contract with Servpro.  This is not direct physical loss to building or personal property, nor would it be a qualified extra expense.  Even if it were an extra expense, it would be excluded under the exclusion for "any other consequential loss".  As such, Central is entitled to declaratory judgment that it is not liable to Insured for this item.

## DECLARATORY RELIEF SOUGHT

19.

For all of the reasons set forth above, Central seeks declaratory judgment that it has fully discharged its obligation under the Policy, and that it has no further liability to Insured under the Policy for any other loss or damage caused by Hurricane Harvey, including all of the items set forth

in Paragraphs 8 - 18 above.

20.

There exists an actual controversy between Plaintiff and Defendant within the jurisdiction of this Court involving the rights and liabilities under an insurance policy. This controversy may be determined by judgment of this Court, without other suit.

WHEREFORE, Plaintiff, Central Mutual Insurance Company, prays:

A. This Court determine and adjudicate the liabilities of the parties herein with respect to the policy of insurance described in this complaint;

B. This Court find and declare that Central has fully discharged its obligations under Central Policy No. CLP 8369450 involved in this lawsuit and has no further liability under that policy to Defendant for any claim made as a result of Hurricane Harvey;

C. That Central be awarded its costs of court; and

D. That Central be awarded such other and further relief to which it may be entitled, at law or at equity.

Respectfully submitted,

S/Russell J. Bowman
Russell J. Bowman, Attorney in Charge
Texas Bar No. 02751550
Southern District No. 20283
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PLAINTIFF